FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 07, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>  -vs-<br><br>DEVIN LANE FORD,<br><br>                      Defendant. | No.   2:15-CR-0061-WFN-1<br><br>ORDER |

      Pending before the Court is Defendant's Construed Motion to Reduce Sentence. ECF No. 70. Mr. Ford argues the Washington State Supreme Court's decision in *State v. Blake*, 481 P.3d 521 (Wash. 2021), invalidated some of his previous convictions, and that his criminal history score would have been lower at the time of sentencing without those now-invalid convictions. Accordingly, Mr. Ford asks the Court to reduce his sentence. The Government argues, among other things, that Mr. Ford has failed to exhaust his administrative remedies. ECF No. 71.

      Before moving for a reduced sentence—often called compassionate release—a prisoner must first exhaust his administrative remedies by asking the Bureau of Prisons [BOP] to move for compassionate release on his behalf. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). The prisoner's administrative remedies are not exhausted until either (1) "30 days have elapsed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate," or (2) "the inmate has 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf.'" *Keller*, 2 F.4th at 1281 (quoting § 3582(c)(1)(A)) (alteration in original). The "administrative exhaustion requirement is mandatory and must be enforced when properly raised." *Id.* at 1282.

ORDER - 1

Here, Defendant has not asked the BOP to move for compassionate release on his behalf. ECF No. 70 at 1; ECF No. 71-2 at 2. In his reply, Mr. Ford asserts that exhausting his administrative remedies would be "ineffective, futile, or [cause] irreparable harm." ECF No. 72. But he does not explain why. *See id.* Besides, the Court cannot excuse the statute's exhaustion requirement. *Keller*, 2 F.4th at 1282; *United States v. Drummondo-Farias*, 460 F. Supp. 3d 1008, 1012 (D. Haw. 2020). Because Defendant has not exhausted his administrative remedies, the Motion is denied. The Court has reviewed the file and Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Defendant's Construed Motion to Reduce Sentence, filed October 03, 2022, **ECF No. 70**, is **DENIED without prejudice**.

The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** *pro se* Defendant.

**DATED** this 7th day of November, 2022.

10-31-22

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2